UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION OF YOUNGSTOWN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 20 CR 380 |
| | ) | |
| vs. | ) | Magistrate Judge Carmen E. |
| | ) | Henderson |
| | ) | |
| TASHE GOINS | ) | |

## **MOTION TO SUPPRESS**

COMES NOW Defendant, TASHE GOINS, by and through her attorney, Beau B. Brindley, and respectfully moves this Honorable Court to suppress all evidence recovered as a result of the search of the vehicle she was driving on June 16, 2020. In support, she states the following:

## **FACTS**

According to reports provided to Ms. Goins in discovery, on June 16, 2020, at approximately 4:51 PM, Ohio State Highway Patrol Trooper Brian McGill conducted a traffic stop on a silver 2017 Nissan Pathfinder, near mile marker 209 on Interstate 80 eastbound in Trumbull County, Ohio, for an undisclosed traffic violation. The driver of that vehicle, Tashe Goins, purportedly indicated that the vehicle belonged to her aunt, Quinyatta Joseph, and that she was on her way from her home in Chicago to pick up her children in Pittsburgh.

After gathering this information from his interview of Ms. Goins, OSP Trooper McGill retrieved a police canine to perform a sniff search of the vehicle. When the canine reportedly alerted to the odor of narcotics emitting from the vehicle, OSP Trooper McGill put Ms. Goins under arrest, read her her *Miranda* rights, and conducted a search of the vehicle.

1

That search revealed approximately four kilograms of suspected cocaine inside a suitcase in the rear cargo compartment of the vehicle, as well as two liquid THC cartridges inside the glove compartment of the vehicle. Following the recovery of these items, Ms. Goins was interviewed while held in the backseat of a marked OSP police vehicle, and made several statements that could be used against her in this case.

Nowhere in the DEA reports provided by the government is there any indication of what basis OSP Trooper McGill believed he had for conducting a traffic stop on Ms. Goins's vehicle. There is no indication in the reports that OSP Trooper McGill observed the violation of any specific traffic law. A ticket for an obstructed driver's license is included without any additional information or photograph of the license plate. Ms. Goins maintains that she was following all traffic laws before she was pulled over.

## **ARGUMENT**

The Supreme Court has held that "stopping an automobile and detaining its occupants constitute a 'seizure' within the meaning of [the Fourth and Fourteenth] Amendments, even though the purpose of the stop is limited and the resulting detention is quite brief." *Delaware v. Prouse*, 440 U.S. 648, 653 (1979). An ordinary traffic stop, however, is more akin to an investigative detention rather than a custodial arrest, and the principles announced in *Terry v. Ohio*, 392 U.S. 1 (1968), apply to define the scope of reasonable police conduct. *United States v. Palomino*, 100 F.3d 446, 449 (6th Cir.1996). Reasonable police conduct under such circumstances is such that any subsequent detention after the initial stop must not be excessively intrusive in that the officer's actions must be reasonably related in scope to circumstances justifying the initial interference. *Palomino*, 100 F.3d at 449 (*citing Terry*, 392 U.S. at 20, 88 S.Ct. 1868). Once the purpose of the traffic stop is completed, a motorist cannot be further detained unless something that occurred

during the stop caused the officer to have a reasonable and articulable suspicion that criminal activity was afoot. *United States v. Erwin*, 155 F.3d 818, 822 (6th Cir.1998) (en banc); *United States v. Mesa*, 62 F.3d 159, 162 (6th Cir.1995).

The legality of the traffic stop is not dependent upon an officer's true motivations in effecting it. *See Whren v. United States*, 517 U.S. 806, 812–13; *United States v. Ferguson*, 8 F.3d 385, 391 (6th Cir.1993). That is to say, an officer may stop a vehicle for a traffic violation when his true motivation is to search for contraband, as long *as the officer had probable cause to initially stop the vehicle*. *Whren*, 517 U.S. at 812–13. However, if the initial traffic stop is illegal or the detention exceeds its proper investigative scope, the seized items must be excluded under the "fruits of the poisonous tree doctrine." *See Wong Sun v. United States*, 371 U.S. 471, 484 (1963). The touchstone of the Fourth Amendment is "reasonableness" based upon the totality of the circumstances. *Ohio v. Robinette*, 519 U.S. 33, 39 (1996).

Here, there is no evidence that OSP Trooper McGill possessed any probable cause to stop Ms. Goins's vehicle at the time he effectuated the traffic stop. No photographs of the vehicle or actual police report provide any palpable evidence that Ms. Goins violated any traffic law. Ms. Goins asserts that she was following all traffic laws. Thus, the initial stop itself was invalid, as unsupported by probable cause, and everything that happened thereafter must be suppressed.

However, even if it could be established that the initial stop, for some traffic offense, was valid, the recovered narcotics and subsequent statements by Ms. Goins would still need to be suppressed.

Once the purpose of a traffic stop is completed, a police officer "may not 'further detain the vehicle or its occupants unless something that occurred during the traffic stop generated the necessary reasonable suspicion to justify a further detention.' " *United States v. Perez*, 440 F.3d

3

363, 370 (6th Cir.2006) (*quoting Mesa*, 62 F.3d at 162). While it remains unclear what basis OSP Trooper McGill had for initiating the traffic stop, he had all the information necessary to write a citation upon obtaining Ms. Goins's identification and asking her the initial interview questions that he deemed pertinent. From that point forward, the purpose of the traffic stop would have been completed almost immediately, in the time necessary for McGill to issue the citation and send Goins on her way. *See United States v. Blair*, 524 F.3d 740, 752 (6th Cir. 2008)

However, McGill apparently wished to investigate the possibility that Goins may have had drugs in the car, despite lacking any articulable reason to believe so, and certainly nothing rising to the level of reasonable suspicion sufficient to justify lengthening the traffic stop. Nonetheless, Trooper McGill retrieved a canine unit, brought it to the vehicle, and performed a sniff search. This action extended the scope and duration of the stop beyond that necessary to issue a traffic citation. Because Trooper McGill had not developed reasonable, articulable suspicion of criminal activity by that point, the remainder of the stop violated the Fourth Amendment. *See Id.* (Suppressing evidence recovered during a search of a vehicle where the traffic stop was prolonged to allow for a canine sniff without articulable suspicion.)

"The courts must carefully scrutinize an officer's stated reasons for detaining the individual beyond the purpose of the stop to insure that the reasons rise to the level of reasonable suspicion, so that the officer does not abuse his authority under *Whren*." *United States v. Hill*, 195 F.3d 258, 267 (6th Cir. 1999). Careful scrutiny of Trooper McGill's motivations here will reveal no valid basis for prolonging the traffic stop (if it was even permissible to begin with) long enough to allow him to perform a canine sniff search. The search of the vehicle was thus unlawful. All evidence obtained must therefore be suppressed, as must Ms. Goins's custodial statements that were made after that search was performed.

**Wherefore**, Defendant, TASHE GOINS, respectfully moves this Court to suppress all evidence recovered as a result of the search of the vehicle she was driving on June 16, 2020.

Respectfully submitted,

/S/ Beau B Brindley
LAW OFFICES OF BEAU B. BRINDLEY
53 West Jackson Boulevard
Suite 1410
Chicago, Illinois 60604
Phone: (312) 765-8878
Cell: (312)502-5232
Fax: (312)276-8040
bbbrindley@gmail.com

**Proof of Service**
All parties receive ECF service. I sent a copy of this motion through this Court's ECF application on the date of filing.

/S/ Beau B Brindley
LAW OFFICES OF BEAU B. BRINDLEY
53 West Jackson Boulevard
Suite 1410
Chicago, Illinois 60604
Phone: (312) 765-8878
Cell: (312)502-5232
Fax: (312)276-8040
bbbrindley@gmail.com